

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-26-00161-CR
No. 02-26-00162-CR
No. 02-26-00163-CR
No. 02-26-00164-CR
No. 02-26-00165-CR

_____

RASHEED AKEEM BURLEY, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court Nos. 1767657, 1767972, 1767973, 1794153, 1802257

AND

No. 02-26-00178-CR
No. 02-26-00179-CR

RASHEED AKEEM BURLEY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 1
Tarrant County, Texas
Trial Court Nos. 1767658, 1799029

---

Before Sudderth, C.J; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Rasheed Akeem Burley entered into a plea bargain with the State to resolve his seven criminal cases. Pursuant to the plea bargain, five of Burley's seven cases were dismissed, he pleaded guilty to and was convicted of reduced charges in the remaining two cases, and he "waive[d] all rights of appeal." Burley now seeks to appeal all seven of his cases.[1]

But a criminal defendant's right of appeal—and our corresponding appellate jurisdiction—is limited. *See* Tex. Code Crim. Proc. art. 44.02; Tex. R. App. P. 25.2(a)(2). Generally, a criminal defendant has the right to appeal only "a judgment of guilt or other appealable order." Tex. R. App. P. 25.2(a)(2); *see Bohannan v. State*, 352 S.W.3d 47, 48 (Tex. App.—Fort Worth 2011, pet. ref'd). An order of dismissal is neither; "a defendant cannot appeal an order dismissing a criminal charge." *Ware v. State*, No. 02-26-00171-CR, 2026 WL 1839257, at *1 (Tex. App.—Fort Worth June 25, 2026, no pet. h.) (mem. op., not designated for publication); *see Bohannan*, 352 S.W.3d at 48. We thus lack jurisdiction over Burley's appeals from the five dismissal orders.

As for Burley's appeals from his two convictions, although a defendant generally has a right to appeal a judgment of conviction, his right is statutorily

---

[1]Burley accompanied his notice of appeal with several purported "motions"—motions "for leave to file interlocutory appeal," to "supplement the record," to "accept out-of-time filing," and to "appoint counsel for appeal." [Capitalization altered.]

curtailed if he enters into a plea bargain. *See* Tex. Code Crim. Proc. art. 44.02; Tex. R. App. P. 25.2(a)(2). And even then, a defendant can—and often does—waive his curtailed right of appeal as a term of his plea bargain. *See, e.g.*, *Sterling v. State*, No. 02-24-00183-CR, 2024 WL 3819309, at *1 (Tex. App.—Fort Worth Aug. 15, 2024, no pet.) (mem. op., not designated for publication). Burley did so here.

Burley signed "waive[rs of] all rights of appeal" as part of his plea bargain with the State. So, after the trial court entered Burley's two judgments of conviction, it entered certifications clarifying the defendant's right of appeal—as the Rules of Appellate Procedure required it to do—by certifying that "the defendant ha[d] NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d).

Because we lack jurisdiction to review dismissal orders, *Ware*, 2026 WL 1839257, at *1, and because we "must" dismiss an appeal from a judgment of conviction absent a "certification that shows the defendant has the right of appeal," Tex. R. App. P. 25.2(d), we warned Burley that we could dismiss all seven of his appeals unless he showed grounds for continuing them, *see* Tex. R. App. P. 44.3. He responded by asserting that (1) the federal collateral order doctrine authorized interlocutory review of the rulings he intended to challenge in his appeal;[2] (2) his plea

---

[2]Burley's response did not cite any Texas case law recognizing the collateral order doctrine as an independent basis for appellate jurisdiction in a state court criminal case. *Cf. Taylor v. State*, 268 S.W.3d 752, 754–55 (Tex. App.—Waco 2008, pet. ref'd) (clarifying that "[t]he collateral order doctrine is a federal doctrine which permits appellate review of . . . certain interlocutory rulings" and holding "that due

bargain was involuntary so the trial court's certifications were faulty; and (3) regardless, he retained curtailed rights of appeal.[3]  But (1) Burley's appeals are not interlocutory; (2) his allegations of involuntariness do not expand his right of appeal; and (3) he signed "waive[rs of] all rights of appeal."  *See Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001) ("Rule 25.2(b) does not permit the voluntariness of the plea to be raised on appeal."); *Sterling*, 2024 WL 3819309, at *1–2 (dismissing plea-bargaining defendant's appeal despite his allegations of involuntariness when defendant had signed waiver of all rights of appeal and record indicated waiver was valid); *Morris v. State*, No. 02-19-00399-CR, 2020 WL 719433, at *1 (Tex. App.—Fort Worth Feb. 13, 2020, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing appeal despite plea-bargaining defendant's contention that his plea was involuntary); *Turley v. State*, 242 S.W.3d 178, 179 (Tex. App.—Fort Worth 2007, no pet.) (recognizing that Rule 25.2's "limitation on the right to appeal extends to claims that a plea was involuntary").  In other words, none of Burley's arguments show grounds for continuing his appeals.

---

process does not require that Texas appellate courts employ the collateral order doctrine").

[3]He also moved this court to either "correct[]" the trial court's certifications or abate his appeals to allow the trial court to do so.

We therefore dismiss Burley's seven appeals.  *See* Tex. R. App. P. 43.2(f); *Ware*, 2026 WL 1839257, at *1; *Morris*, 2020 WL 719433, at *1.  His pending motions are denied.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 16, 2026